By the Court.
 

 The state medical board having considered the evidence offered by each of these relators, and having refused to issue certificates without examination, the powers and duties of the courts in relation to the matter present questions which are not of first impressions in this cause. The questions are in all respects similar to those which were considered and decided in
 
 State ex rel. Copeland
 
 v.
 
 State Medical Board,
 
 107 Ohio St., 20, 140 N. E., 660. It was decided in that case that the medical board has a large measure of discretion, and that, before it can be required by the writ of mandamus to' dispense with the preliminary examination of an applicant, the applicant must “establish to the satisfaction of the state medical board the fact of having actually practiced those limited branches for the full period of five years continuously, prior to October 1, 1915.” It would be absurd to claim that treatment of a very few patients during a period of five years would constitute a continuous practice during that period. On the other hand, it would be unreasonable and an abuse of discretion on the part of the board to refuse a certificate in a case where the applicant had devoted his entire time to the practice of his profession and had treated many thousands of patients during that period. Between those limits the board must be held to have a discretion which the courts may not control. The practice of these relators was certainly very meager during that five-year period, and it is absolutely certain that they have
 
 *609
 
 not been legally practicing, their profession since the effective date of Section 1274-2, General Code (106 O. L., 202). Upon the principles and. for the reasons declared in
 
 State ex rel. Copeland
 
 v.
 
 Medical Board, supra,
 
 the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade. .Robinson, Jones and Matthias, JJ., concur.